UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CLARENCE TUELL,

    Plaintiff,

v.                                  Civil Action No. 2:17-cv-02715

DEERE CREDIT SERVICES, INC.,
d/b/a John Deere Financial;
and RURAL KING HOLDING CO.,
d/b/a Rural King Supply,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendant Rural King Holding Co.'s ("Rural King") motion to stay discovery, filed August 17, 2017.

Rural King urges the court to enter "a protective order and stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). Memorandum in Support of Motion to Stay Discovery ("Mem. in Supp.") ¶ 6. The plaintiff, Clarence Tuell ("Mr. Tuell"), opposes Rural King's motion. See Plaintiff's Response in Opposition ("Resp.").

Rule 26(c)(1) provides the following:

> A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery; [or]

> (B) specifying terms, including time and . . . . ,
> for the disclosure or discovery . . . .

Under this Rule, a district court has the authority to stay discovery pending the outcome of a dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988).

A number of factors guide the court's analysis under this Rule, none of which alone are dispositive. Those factors are

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (7) and any other relevant circumstances.

Citynet, LLC v. Frontier W. Va. Inc., No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D. W. Va. Oct. 19, 2016) (Copenhaver, Jr., J.) (internal quotations omitted) (citations omitted).

Rural King argues that "the discovery sought by Plaintiff is not relevant to the opposition of the Motion to Dismiss, as Plaintiff has already responded in opposition." Memorandum in Support of Motion to Stay Discovery ("Mem. in Supp.") at 3. In addition, Rural King contends that "a stay of

2

discovery will not materially delay the disposition of this matter" because "[t]here are no alleged ongoing obligations or other circumstances which necessitate immediate discovery." Id. Last, Rural King insists that "Plaintiff will not be prejudiced by the stay." Id.

Mr. Tuell responds that dismissal is improper in cases where the motion to dismiss tests the allegations in the complaint. Plaintiff's Response in Opposition ("Resp.") at 3. Further, he contends that a blanket stay of discovery is inappropriate here because Deere Credit Services, Inc., ("Deere") has not joined in Rural King's motion, "[t]he case is at its initial stages," and initial discovery requests are relatively less complex. Id.

The court finds that a stay of all discovery is inappropriate at this time. Rural King's co-defendant, Deere, has not joined Rural King in requesting a stay; in fact, Deere has filed a crossclaim against Rural King for indemnity and contribution. In addition, the action does not appear to be fairly complex, and initial discovery requests should not prove over-burdensome. At any rate, the court anticipates that Rural King's motion to dismiss will be afforded the priority of a dispositive motion, and Rural King will have the opportunity to

3

file a more limited motion for stay of discovery at a later time if the need arises.

For these reasons, the court ORDERS that Rural King's motion to stay discovery be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 4, 2017

John T. Copenhaver, Jr.
United States District Judge